IIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TRACY WRIGHT

              NO:_____
              JURY DEMANDED

v.

MEMPHIS POLICE ASSOCIATION, INC.
MICHAEL WILLIAMS, Individually and in his official capacity; and
ESSICA CAGE-LITTLEJOHN, Individually and in her capacity as supervisor

**COMPLAINT**

  COMES NOW Plaintiff, by and through Counsel, Mary Whitaker, and for Plaintiff's Complaint, Plaintiff states:

**PARTIES AND JURISDICTION**

  1. Plaintiff, Tracy Wright is a resident and citizen of Oakland, Fayette County, Tennessee

  2. Defendant, Memphis Police Association, Inc. (MPA) in a non-profit corporation organized under the laws of the State of Tennessee with its principal place of business at 638 Jefferson Avenue, Memphis, TN  38105.

  3. Upon information and belief, Defendant Michael Williams is a resident citizen of Memphis, Shelby County, Tennessee.  At all times relevant hereto, Defendant Williams was President of Defendant Memphis Police Association.

4.     Upon information and belief, Defendant Essica Cage-Littlejohn is a resident citizen Collierville, Shelby County, Tennessee.  At all times relevant hereto, Defendant Cage-Littlejohn was supervisor of Plaintiff.

5.     This is an action brought under Title VII of the Civil rights Act of 1964, as amended, 42 U.S.C. Sections 2000e et seq and the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. Section 1331.

6.     Pendent state law claims are brought pursuant to 28 U.S.C. Section 1367.

7.     Since the acts giving rise to this present cause of action all occurred within the jurisdiction of this Court, Venue is proper under 28 U.S.C. Section 1391(b).

<u>EXHAUTION OF ADMINISTRATIVE REMEDIES</u>

8.     Plaintiff has complied with all of the administrative prerequisites to actions under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

a.     On or about June 27, 2013, Plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission (hereinafter EEOC) alleging the employer engaged in disparate treatment  of her, a White female, and a similarly situated Black female, with respect to terms and conditions of employment  (EEOC charge #490-2013-01982)

b.     On or about August 14, 2014, Plaintiff filed a charge of discrimination for retaliation (EEOC charge #490-2014-01778) related to the filing of the above referenced charge

c.     On or about August 28, 2014, Plaintiff obtained her right to sue letter from the EEOC with respect to charge #490-2013-01982 a copy of which is attached hereto and incorporated by reference herein

      d.      On or about November 14, 2014, Plaintiff obtained her right to sue letter from the EEOC with respect to charge #490-2014-01778 a copy of which is attached hereto and incorporated by reference herein.

9.      In accordance with the above, Plaintiff has exhausted her administrative remedies prior to initiating this Civil Action pursuant to the Civil Rights Act of 1964, as amended.  No administrative prerequisites are required before a Plaintiff files a complaint pursuant to the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991,  42 U.S.C. Section 1981.

GENERAL ALLEGATIONS OF FACT

10.      Plaintiff, a White female, began working for Defendant MPA in 1989 as a part-time employee.

11.      On or about, January 1, 2001, Plaintiff became a full-time employee with Defendant MPA as a Secretary/Administrative Assistant

12.      On or about February 2004, Ladoris Harris, a Black female, was assigned to Defendant MPA through a temporary employment agency to assist with clerical tasks.

13.      On or about December 2007, Ladoris Harris commenced full-time employment with Defendant MPA as a Receptionist.

14.      On or around June 11, 2009, Defendant's Board of Directors established benefits and compensation rates for the MPA office Staff.    At the time, there were only two full-time office staff employees, Plaintiff, (alternatively referred to as an administrative assistant, secretary, and/or office manager) and a receptionist.

15.      On or about October 28, 2009, said benefits and compensation rates were incorporated into a  written Standard Operating Procedure (SOP).

16. The hourly compensation rate for the Administrative Assistant/Secretary was based upon hire date as a full-time employee.

17. On or about April or May of 2011, Defendant Michael Williams, a Black male, was promoted to President of Defendant MPA after serving as its Vice-President for approximately 1 year;

18. In Spring of 2011, the Memphis Police Department assigned Essica Cage-Littlejohn, a Black female, to work at Defendant MPA. Upon being elected to Vice-President of MPA later that year, she assumed the responsibilities of supervising the MPA office staff.

19. On or about March 1, 2012, at the request of Defendant Cage-Littlejohn, a Black female Ladoris Harris, a Black female, was promoted to Administrative Assistant/Secretary.

20. At the request of Defendant Essica Cage-Littlejohn, the MPA board approved Ladoris Harris receiving two raises over a one year period to raise her salary to the level of Plaintiff's. Said amount was above the pay scale approved by the MPA Defenda Board of Directors.

21. On or about February, 2013, Plaintiff realized she was not being paid in accordance with the board established compensation structure incorporated into the SOP.

22. On or about May 16, 2013, Plaintiff asked Defendant Cage-Littlejohn to raise her salary to the level established by the Board and set forth in the SOP.

23. Defendant Cage-Littlejohn failed to approve said raise in accordance with the request and consistent with the board mandated salary structure.

24. Defendant Cage-Littlejohn treated Plaintiff less favorably with respect to the terms and conditions of employment than she treated Ladoris Harris, subjected to Plaintiff to harassment, and was hostile to Plaintiff.

25. On a number of occasions, Plaintiff advised MPA President Defendant Michael Williams of the issues that she was experiencing in the workplace with her supervisor Essica Cage-Littlejohn and the disparate treatment she was receiving but Michael Williams took no steps to correct such conduct.

26. Plaintiff performed her jobs competently, frequently receiving positive feedback from superiors.

27. Defendant MPA, through its agents, managers and servants, subjected Plaintiff to adverse employment actions on account of her race including, but not limited to:

    a. Failing to grant Plaintiff's request for a raise as mandated by the board;

    b. Requiring Plaintiff to ask the Board for a raise while other employees were not required to do so;

    c. Changing Plaintiff's hours of work;

    d. Refusing to permit Plaintiff's use of her sick leave time when she took time off due to a medical condition;

    e. Requiring Plaintiff to account for all of her time while not requiring the same for other employees;

    f. Assigning sole responsibility for a duty previously shared with another employee because the other employee did not wish to perform it;

    g. Making false and unfounded accusations alleging Plaintiff dishonesty;

    g. Suspending Plaintiff for two months without cause;

    h. Terminating Plaintiff's employment without cause.

**COUNT ONE:  EMPLOYMENT DISCRIMINATION BASED UPON RACE**

28. Plaintiff adopts the foregoing allegations set forth in paragraphs 1-27 as fully as if set forth herein.

29. As set forth above Plaintiff is a member of a protected class; was qualified for her position; and was subject to adverse employment action.

30. Such adverse employment action occurred under circumstances giving rise to an inference of racial discrimination through disparate treatment of similarly situated employees, Plaintiff, who is White, and LaDoris Harris, who is Black. Such circumstances include, but are not limited to:

a. Using Plaintiff's commencement of full-time employment as her hire date and not using LaDoris Harris commencement of full-time employment as her hire date;

b. Paying LaDoris Harris more than the established pay scale while paying Plaintiff less than the established pay scale;

c. Refusing to allow Plaintiff to use her accumulated sick leave when she was off for two weeks due to a medical condition while allowing LaDoris Harris to use her; accumulated sick leave when she was off work for more than two weeks after the death of her husband.

31. As a direct and proximate cause of Defendant's actions as alleged herein, Plaintiff has lost wages, lost fringe benefits, and suffered severe physical, mental and emotional distress

**COUNT TWO:  RETALIATION**

32. Plaintiff adopts the foregoing allegations set forth in paragraphs 1-31 as fully as if set forth herein.

33. Defendant MPA, through its servants, managers and agents Michael Williams, and Essica Cage-Littlejohn, retaliated against Plaintiff for filing a Charge of Discrimination with the EEOC. Conduct representing retaliation included, but was not limited to:

a. Requiring Plaintiff to account for all of her time while not requiring Ladoris Harris to do so;

b. Re-assigning certain duties to the Receptionist;

c. Refusing to approve attendance at a seminar directly related to Plaintiff's duties;

d. Requiring Plaintiff to take a day off work to avoid paying her overtime;

      d.    Placing Plaintiff on a two-month suspension without cause;

      e.    Terminating Plaintiff's employment without cause.

34. As a direct and proximate cause of Defendant's actions as alleged herein, Plaintiff has lost wages, lost fringe benefits, lost earning capacity and suffered severe physical mental and emotional distress.

### COUNT THREE:  BREACH OF CONTRACT AND/OR PROMISSORY ESTOPPEL

35. Plaintiff adopts the foregoing allegations set forth in paragraphs 1-34 as fully as if set forth herein.

36. Defendant MPA promulgated express and written statements of employment policies and directives, including, but not limited to Standard Operating Procedures (SOP's) which it provided and disseminated to all of its employees, including Plaintiff.

37. Said written statements and SOP's included a statement prohibiting discrimination in the terms and conditions of employment.

38. In addition, said written statements and SOP's included compensation, benefits and disciplinary procedures governing staff of MPA including Plaintiff hereunder.

39. Said written statements and SOP's established an express and/or implied contract between Plaintiff and Defendant MPA.

40. Plaintiff understood and reasonably relied on the aforementioned SOP's and written statements to her detriment and harm.

41. Defendant MPA expected and/or should have reasonably expected Plaintiff to rely upon such SOP's and written statements.

43. Defendant failed to abide by its SOP's and written statements regarding discrimination, compensation, benefits and discipline.

44. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, lost earning capacity, and incurred other damages in an amount to be proven at trial.

### COUNT FOUR:  INTENTIONAL INTEFERENCE WITH CONTRACTUAL RELATIONSHIP

45. Plaintiff adopts the foregoing allegations set forth in paragraphs 1-44 as fully as if set forth herein.

46. As set forth above, Plaintiff had an express and/or implied contract with Defendant MPA in terms of continued employment, compensation, discipline and other terms and conditions of employment.

47. Defendant Cage-Littlejohn and Defendant Williams knew of Plaintiff's aforesaid contract with Defendant MPA.

48. Defendant Cage-Littlejohn acted willfully, with malice and with improper motive when she interfered with Plaintiff's contract with Defendant MPA.

49. Examples of Defendant Littlejohn's interference include, but are not limited to:

   a. Requiring Plaintiff to take time off instead of overtime in clear violation of her contract with MPA permitting employees to choose;

   b. Attempting to modify Plaintiff's hire date to make it after the hire date for LaDoris Harris;

   c. Failing to grant Plaintiff's request that she be paid in accordance with the Board's mandated compensation structure;

   d. Providing false and/or misleading information concerning Plaintiff leading to Plaintiff's suspension and ultimate termination of employment.

50.     Defendant Cage-Littlejohn intended to cause the breach of contract between Plaintiff and Defendant MPA.

51.     Defendant Williams knew of Defendant Little-John's actions yet took no steps to correct the same.

52.     Defendant Williams failed to follow the written procedure with respect to termination of employee:

    a.     Failing to follow a progressive disciplinary process in the termination of Plaintiff;

    b.     Failing to follow established procedure in the termination of Plaintiff;

    c.     Failing to permit Plaintiff an opportunity to review the documentation upon which her termination was based so that she could respond thereto.

53.     In procuring the Termination of Plaintiff, Defendant Williams acted willfully, with malice and with improper motive.

54.     Defendant Williams intended to cause the breach of contract between Plaintiff and Defendant MPA.

55.     The conduct of Defendants Williams and Cage-Littlejohn establish statutory breach of contract pursuant to T.C.A. section 47-50-109 and as well as common law tortious interference with contract under Tennessee law.

56.     As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, lost earning capacity, and incurred other damages in an amount to be proven at trial.

WHEREFORE, Premises Considered, Plaintiff Tracy Wright, requests judgment and damages against Defendants, Memphis Police Association, Cage-Littlejohn and Williams as follows:

A.   A declaratory judgment that Defendant Memphis Police Association has violated Plaintiff's right to be free from discrimination in the workplace;

B.   Injunctive Relief ordering Defendant Memphis Police Association to make Plaintiff whole with full back pay, benefits and reinstatement to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay.

C.   An award of compensatory damages in an amount determined at trial;

D.   An award of treble damages pursuant to T.C.A. Section 47-50-109;

D.   An award of exemplary and/or punitive damages in an amount determined at trial;

E.   An award for reasonable attorneys' fees and costs, including, but not limited to expert witness fees, as provided in Title VII of the Civil Rights Act of 1964, as amended,  42 U.S.C. Section 2000e-5(k). 42 U.S.C. Section 1981A and 42 U.S.C Section 1988;

F.   Such other and further relief as this Court deems just and proper.

G.    PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW.

Respectfully submitted,

s/ Mary E. Whitaker
Mary E. Whitaker, Attorney at Law
Tennessee BPR #011187
mwhitaker@mwhitakerlaw.com
659 Freeman Street
Memphis, Tennessee 38122
Attorney for Plaintiff

ORIGINAL SIGNED, NOTARIZED AND ON FILE

STATE OF TENNESSEE

COUNTY OF SHELBY

I, Tracy Wright, make oath that the facts contained in the foregoing Complaint for Damages are true and correct to the best of my knowledge, information and belief; that the Complaint is not made out of levity or by collusion with the Defendants but in sincerity for the causes mentioned in said Complaint.

_____

TRACY WRIGHT

Sworn to and subscribed before me this 24th day of November, 2014

_____

NOTARY PUBLIC

My Commission Expires:

_____

Case 2:14-cv-02913-STA-dkv   Document 1   Filed 11/24/14   Page 12 of 12    PageID 12